UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


Case No: 00-6198-CR-HURLEY(S)
              21 USC §841(a)(1)
              21 USC §952(a)
              21 USC §963
              18 USC §2


UNITED STATES OF AMERICA,

           Plaintiff,


     v.


GREGORY REID COLLINS,
JULIE COLLINS, and
MAXIMILLIAN C. MATETICH

           Defendants,

_____/


SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:


COUNT ONE

From at least as early as on or about July 5, 2000,

continuing through on or about July 24, 2000, in Broward and Dade

Counties, in the Southern District of Florida, and elsewhere, the



defendants,

                    GREGORY REID COLLINS,
                    JULIE COLLINS, and
                    MAXIMILLIAN MATETICH,

did knowingly and intentionally combine, conspire, confederate

and agree with each other and with persons known and unknown to

the Grand Jury to commit an offense against the United States,

that is, to violate Title 21, United States Code, Section 952(a).

     It was the purpose and object of this conspiracy to

knowingly and intentionally import into the United States, from a

place outside thereof, a Schedule I controlled substance, that

is, a mixture and substance containing a detectable amount of

3,4-Methylenedioxymethamphetamine (commonly known as MDMA or

Ecstasy).

     All in violation of Title 21, United States Code, Section

963.

                        COUNT TWO

     From on or about July 5, 2000, through on or about July 12,

2000, in Broward County and in Dade County, in the Southern

District of Florida, and elsewhere, the defendants,

                    GREGORY REID COLLINS,
                    JULIE COLLINS, and
                    MAXIMILLIAN MATETICH

did knowingly and intentionally possess with intent to distribute

a Schedule I controlled substance, that is, a mixture and

                            2

substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, (commonly known as MDMA or Ecstasy); in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL

_LeRoy D. Bosh_
FOREPERSON

_for Bruce E. Reinhart_
GUY A. LEWIS
UNITED STATES ATTORNEY

_Nancy Vorpe Quinlan_
NANCY VORPE QUINLAN
ASSISTANT UNITED STATES ATTORNEY

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____ 00-6198-Cr-Hurley(s) _____ |
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| GREGORY REID COLLINS, ET AL. | **Superseding Case Information**: |

**Court Division**: (Select One)

____ Miami  ____ Key West
____ FTL  _X_ WPB ____ FTP

New Defendant(s)      Yes _x_   No ____
Number of New Defendants      _1_
Total number of counts      _2_

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No) No _____
    List language and/or dialect _____

4.  This case will take _3_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

    | | | | | |
    |---|---|---|---|---|
    | I | 0 to 5 days | _X_ | Petty | |
    | II | 6 to 10 days | ____ | Minor | |
    | III | 11 to 20 days | ____ | Misdem. | |
    | IV | 21 to 60 days | ____ | Felony | _X_ |
    | V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court?  (Yes or No) ____ Yes
    If yes:
    Judge: _____ Hurley _____      Case No. __ 00-6198-Cr- _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?      (Yes or No) Yes _____
    If yes:                                                  00-4175-BSS(Collins,J)
    Magistrate Case No. _____ 00-3131-Turnoff(Matetich, M); 00-3057-TEB(Collins,G)___
    Related Miscellaneous numbers: _n/a_____
    Defendant(s) in federal custody as of _7-24-00 (Matetich,M), 7-12-00 (Collins, G)___
    Defendant(s) in state custody as of ____n/a_____ (Collins, J)
    Rule 20 from the __n/a_____      District of _____

    Is this a potential death penalty case? (Yes or No) No _____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region?___ Yes__ No

_Nancy Vorpe Quinlan_
Nancy Vorpe Quinlan
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0593532

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: GREGORY REID COLLINS       Case No.: 00-6198-CR-HURLEY(s)

Count # __ ONE
Conspiracy to import a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

=======================================================================
Count #: __ TWO
Possesion with intent to distribute a Schedule I controlled subtance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000,00 fine

=======================================================================
Count #:

Max. Penalty:
=======================================================================
Count #:

Max. Penalty:
=======================================================================
Count #:

Max. Penalty:

=======================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: JULIE COLLINS            Case No.: 00-6198-CR-HURLEY(s)

Count # ONE
Conspiracy to import a Schedule I controlled substance

Max. Penalty:5-40 yrs imprisonment; $2,000,000.00 fine

========================================================================
Count #: TWO
Possesion with intent to distribute a Schedule I controlled subtance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000,00 fine

========================================================================
Count #:

Max. Penalty:
========================================================================
Count #:

Max. Penalty:
========================================================================
Count #:

Max. Penalty:

========================================================================

*Refers only to possible term of incarceration, does not include
 possible fines, restitution, special assessments, parole terms,
 or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: MAXIMILLIAN C. MATETICH    Case No.: 00-6198-CR-HURLEY(s)

Count # __ ONE
Conspiracy to import a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

========================================================================
Count #: __ TWO
Possesion with intent to distribute a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000,00 fine

========================================================================
Count #:_____


Max. Penalty:_____
========================================================================
Count #:_____


Max. Penalty:_____
========================================================================
Count #:_____


Max. Penalty:_____

========================================================================

*Refers only to possible term of incarceration, does not include
 possible fines, restitution, special assessments, parole terms,
 or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-3131- *Dumoff*

UNITED STATES OF AMERICA,

vs.

*Maximilian matetich*

FILED by _____ D.C.
MAG. SEC.
AUG 3 - 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

This cause came before the Court and pursuant to proceedings held, it is thereupon

ORDERED AND ADJUDGED as follows:

Upon request of the parties, and good cause being shown, the _arraignment / initiation_ is hereby reset to _8/18/00_ at _10:00 AM_ before the Duty Magistrate Judge.

DONE AND ORDERED at Miami, Florida this _____ day of _August_, 2000.

TAPE NO: 00H-32-437

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBÉ

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-3131-TURNOFF

UNITED STATES OF AMERICA,

vs.                                          **ORDER ON HEARING TO**
MAXIMILLIAN MATETICH                         **REPORT RE COUNSEL**

_____

FILED by _____ D.C.
MAG. SEC.
AUG 3 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____   Private counsel_____
            appeared in open court and is noted as permanent
            counsel of record.

_____   The defendant requested Court appointed counsel, was
            found eligible, and counsel will be appointed by
            separate order.

_____   The defendant requested Court appointed counsel but
            was found ineligible, and shall appear before the
            Court on _____
            at 10:00 a.m. to report regarding his/her further
            efforts to retain counsel, unless counsel notices a
            permanent appearance before that date.

___✓___     The defendant requested further time to retain
            counsel and shall appear before the Court on
            __8/18/00_____ at 10:00 a.m. to report
            regarding his/her further efforts to retain counsel,
            unless counsel notices a permanent appearance before
            that date.

**DONE AND ORDERED** at Miami, Florida this ____3rd_____ day of

_AUGUST_____, 2000.

TAPE NO. 00H-32-437

                        _____
                        UNITED STATES MAGISTRATE JUDGE
                        ROBERT L. DUBE

c. Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal
   AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: *00 - 3131- Turnoff*

UNITED STATES OF AMERICA,

vs.

*MAXIMILLIAN MATETICH*

FILED by _____ D.C.
MAG. SEC.

AUG 3 - 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## WAIVER

I, *MAXIMILLIAN MATETICH*, the above-named defendant, being advised of the nature of the charge(s) pending against me in the U.S. District Court, Southern District of Florida, hereby acknowledge the following facts to be true:

1) I have been fully advised of my rights, specifically my right to *an immediate PTD hearing / arraignment*

2) I possess full knowledge and understanding of the charges pending against me in this case.

3) Of my own free will, I do hereby refuse and waive in open court on *8/3/00*, my right to *immediate ptd hearing / arraignment*

DATED: *8/3/00*

_____
Defendant

_____
Counsel for Defendant

## MAGISTRATE JUDGE'S CERTIFICATE

The undersigned United States Magistrate Judge certifies that the defendant, having been advised of his Constitutional rights, has refused and waived his/her right to _____.

DATED this *3rd* day of *August*, 2000 at MIAMI Southern District of Florida.

TAPE NO.2000-H *32-437*

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: AUSA
   Defense Counsel
   Pretrial Services/Probation
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _OO - 3131- Turnoff_

UNITED STATES OF AMERICA,

vs.

_Maximillian Matelich_



This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

Upon request of the parties, and good cause being shown, the _Pretrial Detention_ is hereby reset to _8/3/00_ at _10:00 am_ before the Duty Magistrate Judge.

DONE AND ORDERED at Miami, Florida this _31st_ day of _July_ , 2000.

TAPE NO: _0010-29-1024_

UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-3131- Turnoff

UNITED STATES OF AMERICA,

v.

MAXIMILLIAN MATETICH

FILED by ____ D.C.
MAG. SEC.

July 31 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL

COMES NOW ___HOWARD M. SREBNICK___ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
**obligations** imposed by the Court such as **preparing and filing
documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name (Printed) ___HOWARD M. SREBNICK___

Counsel's Signature ___[signature]___

Address ___BLACK, SREBNICK & KORNSPAN, P.A.___

___201 S. Biscayne Blvd #1300___ ZIP CODE: ___MIAMI 33131___

Telephone ___(305) 371 6421___

FAX ___305  358-2006___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:00-3131-TURNOFF

UNITED STATES OF AMERICA,

                                        **ORDER ON HEARING TO**
vs.                                     **REPORT RE COUNSEL**

MAXIMILLIAN MATETICH

        The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____  Private counsel_____
          appeared in open court and is noted as permanent
          counsel of record.

_____  The defendant requested Court appointed counsel, was
          found eligible, and counsel will be appointed by
          separate order.

_____  The defendant requested Court appointed counsel but
          was found ineligible, and shall appear before the
          Court on _____
          at 10:00 a.m. to report regarding his/her further
          efforts to retain counsel, unless counsel notices a
          permanent appearance before that date.

_____  The defendant requested further time to retain
          counsel and shall appear before the Court on
          ____8/3/00_____ at 10:00 a.m. to report
          regarding his/her further efforts to retain counsel,
          unless counsel notices a permanent appearance before
          that date.

        **DONE AND ORDERED** at Miami, Florida this ____31st____ day
of _JULY_____, 2000.

TAPE NO.2000H-29-1024

c: AUSA                             UNITED STATES MAGISTRATE JUDGE
   Defense Counsel                  ROBERT L. DUBE'
   Pretrial Services or Probation
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:00-3131-TURNOFF

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

MAXIMILLIAN MATETICH

The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel_____
appeared in open court and is noted as permanent
counsel of record.

_____ The defendant requested Court appointed counsel, was
found eligible, and counsel will be appointed by
separate order.

_____ The defendant requested Court appointed counsel but
was found ineligible, and shall appear before the
Court on _____
at 10:00 a.m. to report regarding his/her further
efforts to retain counsel, unless counsel notices a
permanent appearance before that date.

____✓____ The defendant requested further time to retain
counsel and shall appear before the Court on
_July 31, 2001_____ at 10:00 a.m. to report
regarding his/her further efforts to retain counsel,
unless counsel notices a permanent appearance before
that date.

**DONE AND ORDERED** at Miami, Florida this _____28_____ day
of _JULY_____, 2000

TAPE NO.2000G-_70-807_

_____
UNITED STATES MAGISTRATE JUDGE
WILLIAM C. TURNOFF

c: AUSA
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. _00-3131 - [illegible]_

UNITED STATES OF AMERICA,

v.

_Maxim Matetich_

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

FILED BY
MAG. SEC.          D.C.
JUL 26 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

COMES NOW _Ralph S. Behr_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations** imposed by the Court such as **preparing and filing**

**documents** necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** _Ralph S. Behr_

Counsel's Signature _Ralph S. Behr_

Address _101 S.E. 1C St_

_Fort Lauderdale, Fl_     ZIP CODE: _33316_

Telephone _(954) 761-3444_

4

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _CC - 3 / 3 / - Turner F_

UNITED STATES OF AMERICA

      Plaintiff,

v.

MAXIMILLIAN MATETICH
      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language __ENGLISH__
Tape No. __00G -C 8 -2 6 1__
AUSA _David Weinstein_
Agent __DEA/CHRIS MATHES__

DOB:   07-20-65
Rcg #   66109-004

JUL 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

    The above-named defendant having been arrested on _07-24-2000_ having appeared before the court for initial appearance on _____07-25-2000_____ _and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Ralph Behr_ appeared as permanent/temporary counsel of record.
   Address: _101 SE C St Ft Lauderdale, Fl_
   Zip Code: ___3 3 3 / 0___ Telephone: ___9 5 4 7 6 1 - 3 4 4 4___

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2000.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am July 31_, 2000.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am July 31_, 2000.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.

___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____

___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___d. Maintain or actively seek full time gainful employment.



## MAXIMILLIAN MATETICH

\_\_\_e. Maintain or begin an educational program.
\_\_\_f. Avoid all contact with victims of or witnesses to the crimes charged.
\_\_\_g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
\_\_\_h. Comply with the following curfew: _____
\_\_\_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
\_\_\_j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is \_\_\_

_____

\_\_\_\_\_ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this 25 day of <u>July</u>, 2000.

_____
**UNITED STATES MAGISTRATE JUDGE**
**WILLIAM C. TURNOFF**

c: Assistant U.S. Attorney
Defendant
Counsel
U.S. Marshal
Pretrial Services/Probation

AO 91 (Rev. 5/85) Criminal Complaint    AUSA VORPE/ QUINLAN

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

MAXIMILLIAN CHARLES MATETICH

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: _CC · 3131-TURNOFF_

*FILED by ___ D.C.*
*MAG. SEC.*
*JUL 2 6 2000*
*CLARENCE MADDOX*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. MIAMI*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 5, 2000 through July 24, 2000  in Broward and Miami-Dade Counties, in the _____ Southern _____ District of Florida, the defendant, did knowingly and intentionally combine, conspire, confederate and agree to commit an offense against the United States, that is, to violate Title 21, United States Code, Section 952. It was the purpose and object of this conspiracy to knowingly and intentionally import into the United States from outside the United States a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (commonly known as MDMA or "Ecstasy"), a Schedule I controlled substance.

in violation of Title _____ 21 _____ United States Code, Section(s) _____ 952 and 963 _____

I further state that I am a(n)   Special Agent of the Drug Enforcement Administration and that this complaint is based on the
following facts:                                         Official Title

Please see attached affidavit.

Continued on the attached and made a part hereto:      [x] Yes   [ ] No

_____
S/A Chris W. Mathes
Signature of Complainant
Special Agent Chris W. Mathes
U.S. Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

THE COURT FINDS PROBABLE CAUSE.

_____ July 25, 2000 _____          at    Miami, Florida
Date                                       City and State

WILLIAM C. TURNOFF                         _____
UNITED STATES MAGISTRATE JUDGE             Signature of Judicial Officer
Name and Title of Judicial Officer



## BOND RECOMMENDATION

### MAXIMILLIAN CHARLES MATETICH,

Defendant.

Pre-trial Detention is recommended.

Nancy Vorpe Quinlan
Assistant U. S. Attorney

# **AFFIDAVIT**

I, Christopher W. Mathes, being duly sworn, depose and say:

1). I am a Special Agent with the United States Drug Enforcement Administration ("DEA"), and have been so employed since March 1998. Prior to that employment, I was a Police Officer assigned to the Criminal Investigations Division, with the Johnson City Police Department, Johnson City, Tennessee, for five and one half years. I have completed in excess of 1,200 hours of basic and advanced law enforcement instruction within the states of Tennessee and Florida as well as the DEA Academy. During my employment with DEA, I have received specialized training regarding the investigation and enforcement of drug violations and have actively participated in numerous investigations related to persons involved in the trafficking and importation of drugs, including MDMA, also known as Methylnedioxymethamphatamine (Ecstasy).

2). This affidavit is based upon an ongoing drug investigation, conversations with other law enforcement officers, information obtained through training and experience, enforcement activity previously conducted, and a series of taped meetings and telephone conversations. I have personally participated in this investigation and am familiar with the facts and circumstances of this investigation. I have not included in this Affidavit each and every fact and circumstance known to me, but only those facts and circumstances that I believe are sufficient to establish probable cause.

3). Beginning on July 5, 2000, pursuant to an on going DEA investigation, approximately 30,000 dosage units of MDMA were seized by the DEA. More particularly, on July 5, 2000 a sample of eight (8) MDMA dosage units, bearing the emblems of "A1" or a star symbol were seized. On July 7, 2000, approximately 10,000 dosage units of MDMA were seized bearing the emblems of "A1" or a star symbol. On July 12, 2000, approximately 10,000 dosage units were seized, bearing the emblems of "007" or a triangle symbol. On July 14, 2000, approximately 10,000 dosage units were seized, also bearing the emblem of "007." The dosage units of the seized MDMA have been subsequently tested by the Southeast Regional DEA Laboratory and confirmed positive for the presence of MDMA (ecstasy).

4). Subsequent to the seizures of the MDMA, two defendants were arrested and cooperated with law enforcement in the investigation. These defendants identified their source for the ecstasy as a person named "Charlie" Matetich. Based upon his/her cooperation one of these two individuals has now been documented as a Confidential Source (CS).

5). Beginning on or about July 20, 2000, the aforementioned CS had a series of recorded telephone conversations with an individual now identified as Maximillian Charles MATETICH who at the time of the phone calls was in Europe and then in Canada. During these telephone conversations, MATETICH and the CS discussed the July 5th, July 7th, July 12th, and July 14, 2000 shipments of MDMA as set forth above. They discussed the symbols on the tablets, specifically the "007," the stars, the triangles, and the "A1" symbols, and the fact that the shipments were not of a good quality. They also discussed conducting another deal for 10,000 pills, for a price of $24,000.00. Also, an amount of $4200.00 had to be sent to pay off a previous debt for ecstasy pills.

6). On Friday, July 21, 2000, DEA sent a series of Western Union money transfers to Amsterdam in the Netherlands representing the $4200.00. In a subsequent telephone conversation between the CS and Matetich, they discuss the Western Union tracking numbers for the $4200.00. DEA confirmed that the $4200.00 was retrieved in the Netherlands the next day.

5). On July 24, 2000, Matetich arrived by airplane at the Fort Lauderdale, Florida airport from Canada. The CI met Matetich at the airport. The CI was wired for transmission of the conversations between the CI and Matetich. The DEA agents listening to the transmission of the conversation heard Matetich state that "he had received the $4200.00." Later on that same day, Matetich was taken into custody in Miami, Florida. After being advised of his Miranda rights, Matetich admitted that he was in the ecstasy business. He disclosed the name of his source for ecstasy and stated that he owed this source $100,000.00. Agents also seized a ledger book from him which Matetich stated memorialized the debt of $100,000.00 to this source.

6). Based upon the foregoing events, your affiant requests the issuance of a complaint charging Maximillian Charles MATETICH with conspiracy to import a controlled substance, namely MDMA, in violation of Title 21, United States Code, Sections 952 and 963, on the basis of the probable cause set forth in this affidavit.

FURTHER AFFIANT SAYETH NAUGHT

CHRIS MATHES
DEA SPECIAL AGENT

Sworn to and subscribed before me
this _____ day of July 2000 in
Miami, Florida.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

MAXIMILLIAN CHARLES MATETICH,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  _____ Yes  __X__ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  _____Yes  __X__ No

                    Respectfully submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

BY: _____  749214
                    Nancy Vorpe Quinlan
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar Number 0593832
                    500 Australian Avenue, Suite 400
                    West Palm Beach, Florida 33401
                    TEL (561) 820-8711
                    FAX (561) 659-4526
                    Nancy.Vorpe-Quinlan@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE # _10- 3131 - Turnoff_

vs.                               REPORT COMMENCING CRIMINAL ACTION

MAXIMILLIAN C. MATETICH          PRISONER # 66169-004

*****************************************************************
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

(MIAMI)      FT. LAUDERDALE      WEST PALM BEACH      FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
*****************************************************************

ALL ITEMS ARE TO BE COMPLETED.  INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST: _7/24/00_

2) LANGUAGE(S) SPOKEN: _English_

3) OFFENSE(S) CHARGED: _21 USC 952 (Unlawful Importation)_

4) U. S. CITIZEN [ ] YES  [X] NO  [ ] UNKNOWN

5) DATE OF BIRTH: _7/20/65_

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT      [X] COMPLAINT TO BE FILED/ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE # _____

   ORIGINATING DISTRICT: _Southern Dist. of FL._

   COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES  [ ] NO

7) AMOUNT OF BOND: _____  WHO SET BOND _____

8) ARRESTING AGENT: _S/A Chris Mathes_     DATE: _7/24/00_

9) AGENCY _D.E.A./WPBRO_          PHONE: _(561) 684-8000_

10) REMARKS: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA       CASE NO. _____00-6198-Cr-Hurley(s)_____

v.                             **CERTIFICATE OF TRIAL ATTORNEY***

GREGORY REID COLLINS, ET AL        **Superseding Case Information:**

**Court Division:** (Select One)        New Defendant(s)       Yes  _X_   No ____
                                        Number of New Defendants        _1_
____ Miami  ____ Key West               Total number of counts          _2_
____ FTL  _X_ WPB ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:       (Yes or No) No _____
    List language and/or dialect _____

4.  This case will take  _3_  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                              (Check only one)

    | | | | | |
    |---|---|---|---|---|
    | I | 0 to 5 days | X | Petty | |
    | II | 6 to 10 days | ____ | Minor | |
    | III | 11 to 20 days | ____ | Misdem. | |
    | IV | 21 to 60 days | ____ | Felony | X |
    | V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)____ Yes
    If yes:
    Judge: _____Hurley_____       Case No. __00-6198-Cr-_____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?        (Yes or No) Yes _____
    If yes:                              00-4175-BSS(Collins,J)
    Magistrate Case No. _____00-3131-Turnoff(Matetich, M); 00-3057-TEB(Collins,G)
    Related Miscellaneous numbers: _n/a_____
    Defendant(s) in federal custody as of  7-24-00 (Matetich,M), 7-12-00 (Collins, G), 7-12-00
    Defendant(s) in state custody as of____n/a_____(Collins, J)
    Rule 20 from the ___n/a_____     District of _____

    Is this a potential death penalty case? (Yes or No) No _____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region?___ Yes___ No

                                        _Nancy Vorpe Quinlan_____
                                        Nancy Vorpe Quinlan
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 0593532